**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 08-30298 |
| Plaintiff - Appellee, | D.C. No. 5:05-CR-00003-JWS-1 |
| v. | |
| TOMMY HANSON, | MEMORANDUM [*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Alaska
John W. Sedwick, District Judge, Presiding

Submitted November 2, 2009 [**]
Seattle, Washington

Before: ALARCÓN, FERNANDEZ and CLIFTON, Circuit Judges.

Tommy Hanson appeals his conviction and sentence for possession of child

pornography under 18 U.S.C. § 2252(a)(4)(B). We affirm.

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously finds this case suitable for decision without
oral argument.  *See* Fed. R. App. P. 34(a)(2).

The district court did not err in denying Hanson's motion to suppress. Nyna Fleury did not act "as an 'instrument or agent' of the government" when she went on Hanson's computer and discovered child pornography. *United States v. Young*, 153 F.3d 1079, 1080 (9th Cir. 1998) (quoting *Walter v. United States*, 447 U.S. 649, 656 (1980)). Fleury's discovery, which she volunteered to police, provided probable cause to support the search warrants executed on February 12, February 25, and June 7, 2005. Hanson consented to the computer search executed after his arrest, which consisted only of Officer Villers moving a computer mouse with Hanson's permission and seeing images of child pornography in plain view on the screen.

Hanson made his post-arrest statements to police voluntarily, and these statements did not violate his right to counsel. Nothing in the record suggests even the slightest police coercion or vulnerability on Hanson's part that might indicate that his statements "were not the product of a rational intellect and a free will." *Mincey v. Arizona*, 437 U.S. 385, 398 (1978) (internal quotation marks omitted). Hanson validly waived his *Miranda* rights in writing after his arrest. Hanson's right to counsel was not violated. Hanson's mention—over two months before his arrest— that he "wanted to look at what he was charged with and talk to a lawyer" was not a valid invocation of his right to counsel. Hanson made the statement long

2

before he was in custody. *Cf. United States v. Wright*, 962 F.2d 953, 955 & n.2 (9th Cir. 1992) (citing *McNeil v. Wisconsin*, 501 U.S. 171, 182 n.3 (1991)) (right to counsel cannot be invoked before defendant is in custody).

The district court did not err in denying Hanson's motion to withdraw his guilty plea because of ineffective assistance of counsel. The court correctly concluded that counsel's advice about the sadistic or masochistic enhancement was not "a gross mischaracterization of the likely outcome," *United States v. Jeronimo*, 398 F.3d 1149, 1155 (9th Cir. 2005); that Hanson's contention that counsel failed to explain "relevant conduct" was not credible; and that the failure to obtain an additional sentencing point reduction was traceable to Hanson's own decision, not his attorney's. None of Hanson's ineffective assistance arguments amounts to a "fair and just reason for requesting the withdrawal" of his guilty plea. Fed. R. Crim. P. 11(d)(2)(B).

Hanson's sentence is not one of the "exceedingly rare" sentences that is so "grossly disproportionate to the severity of the crime" that it is prohibited by the Eighth Amendment. *Rummel v. Estelle*, 445 U.S. 263, 271, 272 (1980).

**AFFIRMED.**