FOR PUBLICATION

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,
            *Plaintiff-Appellee*,

                v.

TOMMY HANSON,
            *Defendant-Appellant.*

Nos. 18-30037
        18-30038

D.C. Nos.
5:05-cr-00003-RRB
4:17-cr-00071-RRB

OPINION

Appeal from the United States District Court
for the District of Alaska
Ralph R. Beistline, District Judge, Presiding

Argued and Submitted August 7, 2019
Anchorage, Alaska

Filed August 28, 2019

Before: Richard C. Tallman, Sandra S. Ikuta,
and N. Randy Smith, Circuit Judges.

Opinion by Judge Tallman

**SUMMARY**[*]

**Criminal Law**

The panel affirmed the defendant's 2017 conviction for receipt of child pornography, vacated the sentences imposed for that conviction and for a violation of supervised release, and remanded for resentencing on both matters.

The panel held that the district court did not abuse its discretion under Fed. R. Evid. 414 and 404(b) by admitting evidence related to the defendant's 2007 child pornography conviction in his 2017 trial on similar charges.

The panel held that the district court violated the Ex Post Facto Clause when it sentenced the defendant to five years' imprisonment under 18 U.S.C. § 3583(k) (2006) upon revoking his supervised release rather than sentencing him under the statutes as they existed in 2005 when he committed his first child pornography offense. Under those statutes, the maximum term of reimprisonment the district court could impose after revoking the defendant's supervised release on his Class C felony conviction was two years.

Reviewing for plain error, the panel agreed with the government that the error was clear and obvious under governing law. The panel held that the record raises at least a reasonable probability that the district court would have imposed a lower total sentence if it had known that the maximum possible sentence on revocation of supervised

---

[*] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

release was two years rather than five, and that the error affected the defendant's substantial rights. The panel concluded that the error seriously affected the fairness, integrity, or public reputation of the judicial proceedings, requiring a remedy.

Explaining that the "sentencing package" approach to this case is appropriate, the panel vacated the sentences for both the supervised release violation and the 2017 conviction, and remanded for resentencing. The panel wrote that the district court is free to fashion an appropriate combined sentence on remand, provided it does not impose a sentence greater than two years on the supervision matter.

## COUNSEL

John P. Balazs (argued), Sacramento, California, for Defendant-Appellant.

Robert A. Parker (argued), Attorney; Brian A. Benczkowski, Assistant Attorney General; Kyle F. Reardon and Adam Alexander, Assistant United States Attorneys; Andrea W. Hattan, Appellate Chief; Bryan Schroder, United States Attorney; Criminal Division, Appellate Section, United States Department of Justice, Washington, D.C.; for Plaintiff-Appellee.

# OPINION

TALLMAN, Circuit Judge:

Appellant Tommy Hanson had served a prison term and was under supervised release overseen by a United States Probation Officer when he was again found in possession of child pornography.  He was convicted by jury verdict and appeared for sentencing on both the 2017 substantive offense and for the violation of the terms of his supervised release triggered by his repeated criminal conduct.   In these consolidated appeals he challenges the 15-year sentence imposed for receipt of child pornography, in violation of 18 U.S.C. § 2252(a)(2), and the consecutive five-year prison sentence imposed under 18 U.S.C. § 3583(k), upon revocation of his supervised release.  We conclude that the district court violated the Constitution's *Ex Post Facto* Clause when it sentenced Hanson under section 3583(k), and that this was plain error warranting vacatur of the sentence and a remand for a complete resentencing.   We affirm Hanson's 2017 conviction because the district court did not abuse its discretion by admitting evidence related to Hanson's prior 2007 child pornography conviction under Federal Rules of Evidence 414 and 404(b).

Because Hanson was sentenced for his supervised release violation and his 2017 conviction in the same proceeding, both were based on the same underlying conduct found by a jury beyond a reasonable doubt, and because it appears the district court was attempting to fashion an appropriate "sentencing package" to account for both transgressions, we follow our "customary practice," *United States v. Christensen*, 828 F.3d 763, 821 (9th Cir. 2015), and remand for resentencing on both the supervised release violation and the 2017 conviction.

I

In 2005, federal officers arrested Hanson upon his return from a trip overseas after his housesitter discovered child pornography on his computer. Hanson gave a statement to them in which he admitted to obtaining images of nude underage girls from two online newsgroups, alt.binarypictures.hussie and alt.binarynudism. Hanson had used an application called NewsBin to automatically download illicit images from the newsgroups. Hanson entered a conditional guilty plea in 2007 to one count of possession of child pornography, in violation of 18 U.S.C. § 2252(a)(4)(B).[1]  He was sentenced to 96 months of imprisonment, followed by 60 months of supervised release.

Upon release from federal prison, Hanson began serving his term of supervised release in June 2012. In October 2016, during a routine inspection of the cabin where Hanson was living, his federal probation officer found Hanson with a laptop, external hard drive, and smartphone in violation of the terms of his supervised release. Hanson admitted the laptop and hard drive were his, but denied that they contained any inappropriate images or content. The probation officer seized the devices and provided them to the FBI for forensic analysis. Eventually, investigators discovered a very large collection of pornography and child pornography on the laptop and hard drive.[2]  Both devices

---

[1] Hanson appealed the denial of his motion to suppress and motion to withdraw his guilty plea for ineffective assistance of counsel, as well as the length of his sentence. We affirmed. *See United States v. Hanson*, 357 F. App'x 93, 93–94 (9th Cir. 2009).

[2] Federal investigators tagged 6,104 images of child pornography on the hard drive and 138 images of child pornography on the laptop as a

also contained copies of the NewsBin application and a similar program called News Rover.

On May 18, 2017, his probation officer filed a petition recommending revocation of Hanson's supervised release, and a month later, a federal grand jury charged Hanson with receipt and possession of child pornography. Both the petition and the indictment stemmed from the material found on Hanson's seized electronic devices. After a three-day trial, a jury convicted Hanson of receipt of child pornography. Hanson agreed to combine the disposition of his supervised release revocation proceeding with the sentencing in his criminal case.

In its presentence report for Hanson's 2017 conviction (the "criminal matter" or "criminal conviction"), the probation office noted that the statutory minimum sentence for Hanson's second child pornography conviction was 15 years under 18 U.S.C. § 2252(b)(1). Probation calculated an advisory sentencing range of 210 to 262 months for the offense and recommended the statutory mandatory minimum sentence of 15 years, i.e., 180 months. To redress the breach of the terms of supervised release (the "supervision matter"), the probation office informed the court that 18 U.S.C. § 3583(k) required a minimum term of imprisonment of five years,[3] and further recommended that the sentence be imposed consecutively to the term imposed for Hanson's 2017 conviction. At the combined sentencing proceeding,     the     district     court     accepted     these

representative sample of the larger collection of child sexual exploitation images found on the devices.

[3] It was incorrect to apply section 3583(k) to Hanson's case, as will be further discussed below.

recommendations. As a result, the court understood—incorrectly, as it turned out—that it could not impose a total of less than 20 years of imprisonment unless it chose to run the two sentences concurrently rather than consecutively.

During the proceeding, counsel for the government requested a 20-year sentence for the 2017 conviction consecutive to "whatever sentence the Court imposes on the supervision matter," and asked if the court wished the government "to address the supervision matter as well." The court responded: "Yes. I would like to know what you think the entire sentence should be." Government counsel stated: "My recommendation is 25 years composite, so the 20 years on the trial case, consecutive to the five-year minimum term under 3583(k) on the supervised release violation," noting that it was "appropriate to impose some time consecutive between the supervised release violation and the sentence in this case, because there are two different interests at play."

In imposing the sentence, the district court said the following:

> Here it is significant that the conduct of conviction was the same as the earlier conduct, which shows a pattern of conduct that was undeterred by years of prison, significant time of sexual abuse rehabilitation opportunities, all of which you ignored, none of which you cooperated with, and then you're back doing the same thing in a way that you're trying to hide your conduct. You knew what you were doing was wrong and yet you continued to do it.
>
> . . .

That's what leads me to think that when Congress said that someone in your situation should serve at least 15 years, I think that's reasonable, because we're trying to protect the public.

This is unique to me to have someone who commits the crime, is sentenced for it, gets out of jail and then commits the same crime again, and then we have to kind of figure out how the two crimes mesh when in a way you're being sentenced for very, very similar conduct.

I think, you know, that looking at the two cases, I think a 20-year sentence is sufficient, but not greater than necessary to satisfy the sentencing goals.

The way I get there, because I have to follow the legal framework, is in the first case . . . I think that I'll accept the recommendation and would sentence you to the 180 months there, and then add five years in the second case, which brings me to 20 years.

I think my addition is correct. 180, that's 15 years, plus 60 is 20 years. I think that's a fair sentence for someone, given your age, given the fact you're already 54.

In closing, the court articulated the necessary findings in support of the supervised release violation and revocation sentence. It concluded that Hanson "absolutely" possessed child pornography in violation of his terms of supervised

release "based on the jury verdict." Judgments imposing consecutive sentences totaling 20 years were separately entered in the supervision matter and in the criminal matter, and Hanson timely appealed from both judgments.

## II

Before we reach the sentencing issues in this case, we first address whether the district court erred in allowing the jury to consider evidence of Hanson's 2007 guilty-plea conviction for possession of child pornography during his 2017 trial on similar charges. We conclude that there was no error, because the district court did not abuse its discretion in admitting limited evidence of the prior conviction under Federal Rules of Evidence 414 and 404(b). *See United States v. Martinez-Rodriguez*, 472 F.3d 1087, 1091 (9th Cir. 2007) (a district court's evidentiary rulings are reviewed for abuse of discretion).

As we have previously explained, before 1994, when Federal Rules of Evidence 413 through 415 were passed, admission of a defendant's prior crimes or acts was governed by Rule 404(b). *See United States v. LeMay*, 260 F.3d 1018, 1024 (9th Cir. 2001). Under Rule 404(b)(1), "[e]vidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Such evidence may be admissible, however, to prove "motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b)(2).

Rule 414 dramatically changed this rule with respect to child molestation cases, providing: "In a criminal case in which a defendant is accused of child molestation, the court may admit evidence that the defendant committed any other

child molestation.  The evidence may be considered on any matter to which it is relevant."  Fed. R. Evid. 414(a).  "Child molestation" is defined as including crimes under 18 U.S.C. Chapter 110, *see* Fed. R. Evid. 414(d)(2)(B), which includes the receipt and possession of child pornography under 18 U.S.C. § 2252(a).   We have held that Rule 414 is constitutional but have also held that courts considering the admissibility of evidence under that rule must still apply Rule 403's balancing test to that evidence.  *See LeMay*, 260 F.3d at 1026–27; *see also* Fed. R. Evid. 403 (a court "may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence").

In determining whether evidence of Hanson's prior conviction for possession of child pornography was admissible under Rule 414, the district court was required to consider:

> (1) the similarity of the prior acts to the acts charged, (2) the closeness in time of the prior acts to the acts charged, (3) the frequency of the prior acts, (4) the presence or lack of intervening circumstances, and (5) the necessity of the evidence beyond the testimonies already offered at trial.

*LeMay*, 260 F.3d at 1026–28 (internal quotations omitted). It properly did so here.  Specifically, the court observed that Hanson's 2007 conviction and the 2017 charges were similar

and were relatively close in time.**[4]** *See id.* at 1028–29 (concluding that the crimes were "very similar" and that the passage of eleven years did "not render the decision to admit relevant evidence of similar prior acts an abuse of discretion"). And, as the government argued to the trial court in its notice of intent to offer evidence pursuant to Rule 414, the evidence was helpful to prove that Hanson "knowingly received" and "knowingly possessed" child pornography images—i.e., the *mens rea* of the charged crimes. Under *LeMay*, this is sufficient. *See id.* at 1029 ("Prior acts evidence need not be *absolutely necessary* to the prosecution's case in order to be introduced; it must simply be helpful or *practically necessary*.").

The district court also ruled that, even if Rule 414 did not apply, evidence of Hanson's prior conviction was also admissible under Rule 404(b) because it "help[ed] illustrate how the events herein unfolded" and was "relevant to establish plan, motive, knowledge, intent, and/or absen[ce] of accident or mistake." The test for admitting such evidence is whether: "1) it tends to prove a material fact; 2) the prior act is not too remote in time; 3) the evidence is sufficient to support a finding that the defendant committed the act; and 4) where knowledge and intent are at issue, the act is similar to that charged." *United States v. Tsinnijinnie*, 91 F.3d 1285, 1288–89 (9th Cir. 1996). Those factors are met here. Indeed, Hanson's main defense at trial—as the government had predicted—was that he accidentally installed a backup from an old computer and did not know it included pornography. Evidence that Hanson previously confessed to using NewsBin to download images of nude underage girls from online newsgroups helps to refute this

---

**[4]** We note that Hanson spent seven years of this intervening period in prison, presumably unable to download child pornography.

defense because it tends to prove that he acted intentionally in this case, once again using NewsBin and a similar application to download new images from similar newsgroups.

Nor was the prior conviction evidence actually introduced at trial overly prejudicial under Rule 403. In addition to a redacted copy of the judgment shown to the jury in 2017, the government introduced one paragraph from the 2007 presentence report describing Hanson's admission to using NewsBin to download images from specific newsgroups. A limiting instruction was immediately given and was repeated before the jury retired to deliberate.[5] We have previously upheld the introduction of this kind of "sanitized record" when followed immediately by a limiting instruction. *See United States v. Sheldon*, 755 F.3d 1047, 1050–51 (9th Cir. 2014). On this record, the district court did not abuse its discretion in admitting evidence of Hanson's prior conviction under Rules 414 and 404(b).

## III

We turn now to the thornier issues this case presents: namely, whether the district court plainly erred when it sentenced Hanson to five years' imprisonment under section 3583(k) upon revoking his supervised release, in violation of the *Ex Post Facto* Clause, and, if so, the proper remedy. We

---

[5] Further testimony about the conviction was elicited by the government only during its cross-examination of Hanson after he decided to take the stand in his own defense. Hanson has not challenged the district court's allowance of that line of cross-examination. *See* Consolidated Brief of Appellant at 28 ("The contested evidence here consisted of the judgment from Hanson's [2007] case and admissions from the presentence report that he made regarding the offense conduct.").

hold that the district court committed plain error and that both of Hanson's sentences must be vacated and the case remanded for a full resentencing on both the supervision matter and the criminal matter.

## A

Article I of the Constitution of the United States provides that neither Congress nor any state shall pass any *ex post facto* law. U.S. Const. art. I, § 9, cl. 3, art. I, § 10, cl. 1.

> An ex post facto law is not simply one that makes criminal an act that was lawful at the time it was committed, or a law that increases a sentence following the commission of the act for which punishment is imposed. The ex post facto provision applies to a wide range of changes affecting trial procedures and the mechanics of punishment.

*United States v. Paskow*, 11 F.3d 873, 876 (9th Cir. 1993). We have held that the *Ex Post Facto* Clause is violated "when a statutory amendment that increases a penalty to be imposed upon the revocation of supervised release is applied in a case in which the underlying offense was committed before the amendment was adopted but the conduct that led to revocation of supervised release occurred afterwards." *Id.* at 875; *see also Johnson v. United States*, 529 U.S. 694, 699–701 (2000) (noting that retroactive application of a statute that "raises the penalty" upon revocation of supervised release "from whatever the law provided" when the underlying offense was committed is at odds with the *Ex Post Facto* Clause).

Yet that is precisely what occurred here. Hanson committed his first child pornography offense in 2005. At

that time, federal law provided that, upon revocation of a defendant's supervised release, the district court could "require the defendant to serve in prison all or part" of his term of supervised release "without credit for time previously served on postrelease supervision." 18 U.S.C. § 3583(e)(3) (2005). The maximum possible term of reimprisonment, however, depended upon the classification of the underlying "offense that resulted in the term of supervised release," *id.*, which in Hanson's case was a Class C felony, *see* 18 U.S.C. § 3559(a)(3) (2005). When the district court revoked Hanson's supervised release in 2017, it was required to apply the statutes as they existed in 2005— as a result, the maximum term of reimprisonment it could impose upon Hanson after revoking his supervised release on his Class C felony conviction was two years. *See* 18 U.S.C. § 3583(e)(3) (2005).

Instead, the district court applied Section 141(e)(2) of the Adam Walsh Child Protection and Safety Act, Pub. L. No. 109-248, 120 Stat. 587, enacted in 2006. That provision, codified at 18 U.S.C. § 3583(k), requires revocation of supervised release and reimprisonment for "not less than 5 years" for sex offenders who commit an additional sex offense (including a child pornography offense such as Hanson's) while on supervised release. We do not fault the district court for its error; the probation office and counsel for the government both recommended the court apply section 3583(k), and Hanson himself did not object to its application on *ex post facto* grounds. Nevertheless, the fact remains that Hanson could not properly be sentenced to anything greater than two years of reimprisonment upon revocation of his supervised release for his original child pornography conviction. *See* 18 U.S.C. § 3583(e)(3) (2005); *Paskow*, 11 F.3d at 883.

Because Hanson did not object to his revocation sentence on *ex post facto* grounds below, we review for plain error. *See United States v. Chea*, 231 F.3d 531, 535 (9th Cir. 2000).[6] To warrant relief on plain error review, a defendant must show (1) error, that (2) was "clear or obvious, rather than subject to reasonable dispute," (3) "affected [his] substantial rights, which in the ordinary case means . . . it affected the outcome of the district court proceedings," and (4) "seriously affect[ed] the fairness, integrity or public reputation of judicial proceedings." *Puckett v. United States*, 556 U.S. 129, 135 (2009) (quotation marks omitted). In the case of sentencing errors, the third prong generally requires the defendant to show "a reasonable probability that he would have received a different sentence" absent the error. *United States v. Dallman*, 533 F.3d 755, 762 (9th Cir. 2008). The probability of a different result must be "sufficient to undermine confidence in the outcome of the proceeding." *United States v. Dominguez Benitez*, 542 U.S. 74, 83 (2004) (quotation marks omitted).

The government concedes that Hanson's five-year revocation sentence under section 3583(k) violates the *Ex Post Facto* Clause.[7] It also concedes that in light of *Paskow*, 11 F.3d at 875, the error was clear and obvious under governing law, and that Hanson has therefore satisfied his

---

[6] We decline Hanson's invitation to apply the "pure question of law" exception to plain error review in this case, because we conclude that Hanson is entitled to relief under the more stringent plain-error standard.

[7] In *Johnson*, the Supreme Court held it was unnecessary to decide whether retroactive application of a statute violated the *Ex Post Facto* Clause because the Court determined that Congress did not intend for the statute to apply retroactively. 529 U.S. at 702–03. Because the parties agree that the district court erred in applying section 3583(k), we need not reach this issue.

burden under the first two prongs of the plain error standard. We agree.

The government argues, however, that Hanson has not demonstrated a reasonable probability that he would have received a different sentence absent the error. According to the government, the district court's remarks at the combined sentencing hearing show that the court concluded a 20-year sentence was the appropriate term when looking at Hanson's characteristics and conduct as a whole, and that if the court had been aware that Hanson's maximum revocation sentence was only two years, it simply would have imposed 18 years for his 2017 criminal conviction.

While we acknowledge that the court's remarks at the sentencing hearing demonstrate that it was concerned with fashioning an appropriate total sentence, it does not necessarily follow that, had the court understood that it could not impose more than two years on the supervision matter, it still would have sentenced Hanson to a total of 20 years. Notably, the court actually gave Hanson the *lowest* possible term of imprisonment under what it considered the applicable mandatory minimums.[8] Nor did the court make

---

[8] The only way the court could have gone lower was by running the sentences concurrently rather than consecutively. But, as the government noted during the hearing, concurrent sentences would not have appropriately accounted for the two different interests the court sought to achieve. *See United States v. Miqbel*, 444 F.3d 1173, 1181–82 (9th Cir. 2006) (revocation sentences sanction a violator for his "breach of trust," as distinct from the interest in "provid[ing] just punishment" and "promot[ing] respect for the law" that a court must consider when imposing a sentence upon conviction of a criminal offense). If the court had chosen to run the sentences concurrently, the practical effect would be that Hanson would have received no sanction for his breach of trust in repeating his criminal behavior while under supervised release from his first child pornography offense.

clear that it would have imposed the same 20-year sentence had it known that the maximum sentence for the supervised release violation was two years. *Cf. United States v. Munoz-Camarena*, 631 F.3d 1028, 1030 n.5 (9th Cir. 2011) (holding that an error in calculating the correct Guidelines range is harmless under various circumstances indicating that the court would have imposed the same term regardless of the error).

The record here raises at least a reasonable probability, which we find sufficient to undermine our confidence in the outcome of the proceeding, that the court would have imposed a lower total sentence if it had known that the maximum possible sentence on revocation of supervised release was two years rather than five. *Cf. Molina-Martinez v. United States*, 136 S. Ct. 1338, 1345 (2016) ("When a defendant is sentenced under an incorrect Guidelines range—whether or not the defendant's ultimate sentence falls within the correct range—the error itself can, and most often will, be sufficient to show a reasonable probability of a different outcome absent the error."). *But see Munoz-Camarena*, 631 F.3d at 1030 n.5 ("[H]armless error may result if the district court: (1) acknowledges that the correct Guidelines range is in dispute and performs his sentencing analysis twice, beginning with both the correct and incorrect range; (2) chooses a within-Guidelines sentence that falls within both the incorrect and the correct Guidelines range and explains the chosen sentence adequately; (3) imposes a statutory minimum or maximum and adequately explains why no additional or lesser term of imprisonment is necessary; or (4) performs the sentencing analysis with respect to an incorrect Guidelines range that overlaps substantially with a correct Guidelines range such that the explanation for the sentence imposed is sufficient even as to the correct range."). On this record, we are satisfied that the

district court's error in applying section 3583(k) when calculating Hanson's sentence affected his substantial rights as contemplated under the third prong of plain error review.

We are also satisfied that the fourth prong of plain error review is met. In *Rosales-Mireles v. United States*, the district court miscalculated the Guidelines range, and, as here, there was a reasonable likelihood that the defendant would have received a different sentence absent the error. 138 S. Ct. 1897, 1905 (2018). The Supreme Court held that in those circumstances, the miscalculation "seriously affect[s] the fairness, integrity, or public reputation of judicial proceedings, and thus will warrant relief." *Id.* at 1903. "The risk of unnecessary deprivation of liberty particularly undermines the fairness, integrity, or public reputation of judicial proceedings in the context of a plain Guidelines error," the Court reasoned, "because of the role the district court plays in calculating the range and the relative ease of correcting the error." *Id.* at 1908.

The same can be said here, where the district court relied not on an incorrect calculation of the Guidelines range, but rather on the wrong statute entirely, and, as in *Rosales-Mireles*, there is a reasonable likelihood the defendant would have received a different sentence but for the error. When the district court relies on the wrong statute to sentence someone to three years longer than the maximum legal revocation sentence in violation of the *Ex Post Facto* Clause and there is a reasonable likelihood the defendant would have received a different sentence but for the error, the concerns the Court articulated in *Rosales-Mireles* are present and require a remedy even on plain error review. *See id.* ("[W]hat reasonable citizen wouldn't bear a rightly diminished view of the judicial process and its integrity if courts refused to correct obvious errors of their own devise

that threaten to require individuals to linger longer in federal prison than the law demands?").

B

We are left with the question of what remedy is appropriate in this case. Hanson asks that we remand only for resentencing on the supervision matter. The government, pointing to "sentencing package" cases involving multicount convictions, asks us to remand for resentencing on both the supervision matter and the 2017 criminal conviction. The government's approach is appropriate here, as it accords with our "customary practice." *See Christensen*, 828 F.3d at 821.

"Sentencing package" cases "typically involve multicount indictments and a successful attack by a defendant on some but not all of the counts of conviction." *Greenlaw v. United States*, 554 U.S. 237, 253 (2008). In such cases, an appeals court "may vacate the entire sentence on all counts so that, on remand, the trial court can reconfigure the sentencing plan to ensure that it remains adequate to satisfy the [18 U.S.C. § 3553(a)] sentencing factors." *Id.* On remand in some of these cases, "trial courts have imposed a sentence on the remaining counts longer than the sentence originally imposed on those particular counts, but yielding an aggregate sentence no longer than the aggregate sentence initially imposed." *Id.*

We have endorsed the "sentencing package" principle in numerous cases where a conviction on one or more counts was vacated but convictions on the remaining counts were affirmed. *See, e.g.*, *United States v. Davis*, 854 F.3d 601, 606 (9th Cir. 2017); *Christensen*, 828 F.3d at 821; *United States v. Avila-Anguiano*, 609 F.3d 1046, 1049 (9th Cir. 2010); *United States v. Ruiz-Alvarez*, 211 F.3d 1181, 1184

(9th Cir. 2000); *United States v. Handa*, 122 F.3d 690, 692 (9th Cir. 1997).   However, the parties have cited no published case from this circuit (nor have we uncovered one)[9] addressing the specific circumstances present here: namely, where the sentence on a judgment of revocation of supervised release and the sentence on a count of criminal conviction, both based on the same underlying conduct, were calculated and imposed at the same sentencing proceeding but the revocation sentence was subsequently determined to be illegal.

Hanson contends that the usual practice in "sentencing package" cases should not be followed under these circumstances and the district court cannot resentence him on both his supervision matter and his criminal matter where only the former sentence has been invalidated.  According to Hanson, he was sentenced in two separate cases during one proceeding simply as a matter of administrative efficiency, and the separate considerations governing the imposition of sanctions for violating supervised release, *see Miqbel*, 444 F.3d at 1182, and punishment for criminal conduct mean that the court could not have been trying to impose a single, overall sentencing package.

Hanson's position ignores what the district court said it was doing during the sentencing hearing.  The court asked the parties to recommend a total sentence, and stated:  "I

---

[9] Though not cited by either party, we are aware that at least one other circuit appears to have applied the sentencing packaging doctrine to a case where both a new sentence and a revocation sentence were imposed at the conclusion of a single sentencing proceeding. *See United States v. Taylor*, 628 F.3d 420, 422, 425 (7th Cir. 2010) (applying the sentencing packaging doctrine and vacating both sentences imposed "for bank robbery and for violating the terms of . . . supervised release relating to an earlier bank robbery conviction").

think . . . that looking at the two cases, I think a 20-year sentence is sufficient, but not greater than necessary to satisfy the sentencing goals." Thus, the record makes clear the court was trying to fashion a fair overall sentence for both the supervised release violation and the criminal conviction (albeit based on the same underlying conduct) notwithstanding the separate penological interests at play here. We see no reason that the district court could not have kept separate sentencing considerations in mind for the revocation sentence and the criminal sentence, despite fashioning an overall term of years in one sentencing proceeding. We are confident that the district court is able to walk and chew gum at the same time.

We have long adopted a "packaging metaphor," so that when a sentencing package becomes "unbundled" due to a judicial determination that a conviction or sentence was invalid, the district court has the authority "to put together a new package reflecting its considered judgment as to the punishment the defendant deserve[d] for the crimes of which he [wa]s still convicted." *Ruiz-Alvarez*, 211 F.3d at 1184–85 (quoting *United States v. McClain*, 133 F.3d 1191, 1193 (9th Cir. 1998)). Accordingly, when a defendant appeals a sentence, and the appellate court remands the case for further sentencing proceedings, we have "repeatedly held that this court has the authority to vacate all of the sentences imposed and to authorize the district court to begin the sentencing process afresh." *Handa*, 122 F.3d at 692. As we explained, "[t]he metaphors of 'package' and 'unbundling' are attractive and appear to reflect the realities of sentencing." *Id.* Although we have previously applied this packaging metaphor in cases where a defendant was convicted of more than one count of a multiple count indictment, "[n]o reason appears why the same metaphor should not be used," *id.*, to

permit the district court to resentence Hanson on both the supervised release violation and the 2017 conviction.

Indeed, the packaging metaphor is particularly applicable here, given the district court's approach of looking to the bottom line, the total number of years that Hanson would serve, in an attempt to "satisfy the sentencing goals." *See id.* The court's decision to give Hanson 15 years for the 2017 conviction was not made in a vacuum—it was made, in part, based on the mistaken belief that Hanson would serve five years on the supervision matter and thus 20 years total. We see no reason that the district court should not have the opportunity, on remand, to "put together a new package reflecting its considered judgment as to the punishment" Hanson deserves for the crime of which he is still convicted and the supervised release violation of which he is also guilty. *Id.*

Moreover, Hanson's violative conduct—receipt of child pornography—was found by a jury beyond a reasonable doubt during the trial that resulted in his 2017 criminal conviction rather than, as is more typical, by a judge based on a preponderance of the evidence at a revocation hearing after a defendant violates the terms and conditions of his supervised release by engaging in behavior that may not necessarily be illegal.[10] But here, the supervised release

---

[10] Because a jury found that Hanson had committed the offense beyond a reasonable doubt, we need not consider the impact of *United States v. Haymond*, which held that the application of section 3583(k) was unconstitutional where there was an "absence of a jury's finding [of proof] beyond a reasonable doubt." 139 S. Ct. 2369, 2378 (2019). Nor need we reach Hanson's argument that section 3583(k) is unconstitutional on its face. *See Lyng v. Nw. Indian Cemetery Protective Ass'n*, 485 U.S. 439, 445 (1988) ("A fundamental and longstanding principle of judicial restraint requires that courts avoid reaching

violation and the 2017 criminal conviction are functionally equivalent to separate "counts" in a multicount conviction.

Accordingly, we vacate the sentences for both the supervised release violation and the underlying offense and remand for resentencing.[11]  We note that "the decision to restructure a defendant's entire sentence when only one of the counts of conviction is found to be invalid is discretionary." *Troiano v. United States*, 918 F.3d 1082, 1086–87 (9th Cir. 2019).  On remand, the district court may decide to simply reimpose Hanson's 15-year sentence on his 2017 criminal conviction, or it may decide to increase that sentence.[12]  What it cannot do, however, as explained above in Section III. A., is impose anything greater than two years of reimprisonment on the supervision matter without violating the Constitution.  With this limitation in mind, the district court is in the best position to determine the appropriate total sentence to impose.

---

constitutional questions in advance of the necessity of deciding them."). We express no opinion as to that issue.

[11] As we conclude that the "sentencing package" principle can properly be applied here, we reject Hanson's contention that the cross-appeal rule prevents the district court from resentencing him on the criminal matter because the government did not file a cross-appeal of that sentence.  Unbundling packaged sentences and remanding on all counts "is not at odds with the cross-appeal rule, which stops appellate judges from adding years to a defendant's sentence on their own initiative." *Greenlaw*, 554 U.S. at 254.

[12] It must resentence, however, "in accordance with the due process considerations enunciated by the Supreme Court in *North Carolina v. Pearce*," *United States v. Jenkins*, 884 F.2d 433, 441 (9th Cir. 1989), and *Alabama v. Smith*, 490 U.S. 794, 798–800 (1989).

## CONCLUSION

We affirm Hanson's 2017 conviction because the district court did not abuse its discretion by admitting evidence related to Hanson's prior child pornography conviction under Federal Rules of Evidence 414 and 404(b). The district court plainly erred, however, when it sentenced Hanson to five years of reimprisonment under 18 U.S.C. § 3583(k) in violation of the *Ex Post Facto* Clause. We vacate Hanson's sentences on both the supervision matter and the 2017 criminal conviction and remand for resentencing. The district court is free to fashion an appropriate combined sentence on remand, provided it does not impose a sentence greater than two years on the supervision matter.

**VACATED and REMANDED in part with instructions; AFFIRMED in part.**