**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FEB 7 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.   19-10090 |
| Plaintiff-Appellee, | D.C. No. 3:94-cr-00031-DGC-1 |
| v. | |
| RONALD LEE TSOSIE, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Arizona
David G. Campbell, District Judge, Presiding

Submitted February 5, 2020**
Phoenix, Arizona

Before: GRABER, HURWITZ, and MILLER, Circuit Judges.

While on supervised release from a federal conviction, Ronald Tsosie was convicted in Arizona state court of attempted sexual assault. After Tsosie completed a four-year state sentence, the district court revoked supervised release and imposed a 27-month term of imprisonment to be followed by 27 months of supervised release.

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

*See* 18 U.S.C. § 3583(e). Tsosie challenges that sentence and argues that the district court plainly erred in imposing a special condition of supervised release. We have jurisdiction under 28 U.S.C. § 1291 and affirm.

1.     Because Tsosie did not argue below that the district court "fail[ed] to adequately address all of [his] arguments," we review the sentence for plain error, *United States v. Rangel*, 697 F.3d 795, 805 (9th Cir. 2012), and find none. Tsosie has not "show[n] 'a reasonable probability that he would have received a different sentence'" had the district court explicitly considered whether he should receive a reduced sentence because he lost the opportunity to serve his state and federal terms concurrently. *United States v. Hanson*, 936 F.3d 876, 884 (9th Cir. 2019) (quoting *United States v. Dallman*, 533 F.3d 755, 762 (9th Cir. 2008)). The district court emphasized that its sentence served to protect the public from any further crimes Tsosie might commit. *See* 18 U.S.C. § 3553(a)(2)(C). It is therefore "highly uncertain whether [Tsosie] would have received a lesser sentence." *United States v. Christensen*, 732 F.3d 1094, 1106 (9th Cir. 2013).

2.     Special Condition 9 of supervised release authorizes the search of Tsosie's electronic devices in the lawful discharge of a probation officer's supervisory functions. Tsosie did not object to this condition below, but now argues that the district court plainly erred by failing to "make[] a factual finding establishing some nexus between [electronic device] use and one of the goals" of supervised

2

release.  *United States v. Bare*, 806 F.3d 1011, 1017 (9th Cir. 2015).  The district court did not commit plain error in adopting the probation officer's justification for the condition and finding it reasonably related to Tsosie's rehabilitation.  *See United States v. T.M.*, 330 F.3d 1235, 1240 (9th Cir. 2003) ("The supervised release conditions need not relate to the offense for which [the defendant] was convicted as long as they satisfy any of the conditions set forth [in 18 U.S.C. §§ 3583(d)(1) and 3553(a)].").  Another special condition, not challenged on appeal, prohibits Tsosie from possessing sexually explicit material.  Special Condition 9 works in furtherance of that condition.

**AFFIRMED.**