**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MAY 30 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff-Appellee,<br><br>v.<br><br>VAHE SARKISS,<br><br>  Defendant-Appellant. | No.   21-50266<br><br>D.C. No.<br>2:19-cr-00495-DSF-1<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Dale S. Fischer, District Judge, Presiding

Argued and Submitted March 7, 2023
Pasadena, California

Before:  WATFORD and COLLINS, Circuit Judges, and S. MURPHY,[**] District Judge.

Appellant Vahe Sarkiss appealed his one-count jury trial conviction for possession of child pornography under 18 U.S.C. §§ 2252A(a)(5)(B), (b)(2).  After Sarkiss was previously convicted for possession of child pornography in 2013, a

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The Honorable Stephen Joseph Murphy, III, United States District Judge for the Eastern District of Michigan, sitting by designation.

woman found a flash drive in the laundry room of Sarkiss's trailer park that contained images of Sarkiss, whom the woman recognized, and of naked young males. The flash drive was provided to the Los Angeles Sheriff's Department, which in turn gave it to Sarkiss' probation officer. Several probation officers searched Sarkiss's trailer and discovered a computer in the bed of his pickup truck and a hard drive in the trunk of his car; those both contained explicit images of children. At trial, the jury returned a verdict and convicted Sarkiss of one count of possession of child pornography under § 2252A. The district court sentenced Sarkiss to 135 months' imprisonment and a life term of supervised release. Sarkiss then raised six arguments on appeal. For the reasons below, we affirm the district court.

First, Sarkiss argued that the district court erred in admitting his prior conviction for possession of child pornography under Federal Rule of Evidence 414(a): "In a criminal case in which a defendant is accused of child molestation, the court *may* admit evidence that the defendant committed *any* other child molestation." *Id.* (emphasis added). The term "child molestation" includes the possession of child pornography under § 2252A. *See United States v. Hanson*, 936 F.3d 876, 881 (9th Cir. 2019). The district court admitted the prior conviction because it was relevant under Federal Rule of Evidence 403 and because it satisfied our court's five-factor test for determining whether to admit evidence of a

prior act of sexual misconduct. *See United States v. LeMay*, 260 F.3d 1018, 1028 (9th Cir. 2001). It therefore did not abuse its discretion by admitting the prior conviction. *See United States v. Halamek*, 5 F.4th 1081, 1087 (9th Cir. 2021).

Nor did the district court err in allowing the Government to use the prior conviction to make a propensity argument. Rule 414 explicitly provides, without limitation or exception, that a prior conviction "may be considered on any matter to which it is relevant." Fed. R. Evid. 414(a). This use of propensity evidence does not violate due process, we have held, because "there is nothing fundamentally unfair about the allowance of propensity evidence under Rule 414" as long as the "protections of Rule 403 remain in place." *LeMay*, 260 F.3d at 1026. What is more, we clarified in *LeMay* that the Government may make propensity arguments in cases involving child molestation so long as the evidence is not unfairly prejudicial under *LeMay*'s five-factor test. *Id.* at 1026–28. Since the district court correctly concluded that the prior conviction was admissible under the five *LeMay* factors, the district court did not err in allowing the Government to use Sarkiss's prior conviction to make propensity arguments.

Second, Sarkiss argued that the district court erred in denying his motion to suppress evidence from the probation officers' search of his trailer because the officers lacked reasonable suspicion for the search. *See United States v. Knights*, 534 U.S. 112, 121 (2001) (requiring "no more than reasonable suspicion to conduct

3

a search of [a] probationer's house").  Reasonable suspicion requires "specific, articulable facts which, when considered with objective and reasonable inferences, form a basis for particularized suspicion" that a person is violating the law.  *United States v. Nault*, 41 F.4th 1073, 1081 (9th Cir. 2022) (citation omitted).  Here, the district court properly found that the combination of the suspected child pornography on the flash drive and Sarkiss's prior conviction for possession of child pornography was sufficient to establish reasonable suspicion.

Third, Sarkiss argued that the district court erred in denying Sarkiss's motion to dismiss the superseding indictment and by incorrectly instructing the jury.  Sarkiss argued that the superseding indictment failed to allege (and the jury was not instructed to find) that he had possessed child pornography and knew that the images were either transported through interstate commerce or produced using materials that had been transported through interstate commerce.  *See* 18 U.S.C. § 2252A(a)(5)(B).  The statute, however, does not require the Government to allege or prove that Sarkiss knew his crime had an interstate nexus.  At most, the jurisdictional element serves to make the crime a federal one.  *See Torres v. Lynch*, 578 U.S. 452, 457, 467–68 (2016).

Fourth, Sarkiss argued that the district court erred in ruling that Sarkiss opened the door to allow admission of a previously excluded sexually explicit anime image.  Under the "opening the door" doctrine, "the government may

introduce otherwise inadmissible evidence when the defendant opens the door by introducing potentially misleading testimony." *United States v. Osazuwa*, 564 F.3d 1169, 1175 (9th Cir. 2009) (internal quotation marks and citation omitted). The district court did not abuse its discretion in concluding that, in light of Sarkiss's trial testimony specifically denying any sexual interest in children, the probative value of the anime image in rebutting that testimony outweighed any potential for unfair prejudice. *See* Fed. R. Evid. 403. Indeed, the district court's decision was simply a follow-through on what it had previously stated it would do if Sarkiss "attempted to deny any sexual interest in children or claimed he did not view pornography." At trial, Sarkiss did precisely that. Thus, Sarkiss's attempt to deny any sexual interest in children opened the door for the Government to introduce the previously inadmissible anime image.

Fifth, Sarkiss argued that the district court violated Federal Rule of Criminal Procedure 32 by not ruling on some of his objections to the presentence report. But the district court did not err because it appropriately considered Sarkiss's objections to the presentence report. Indeed, the district court reviewed the presentence report, provided the parties a chance to object at sentencing, considered the relevant sentencing factors under 18 U.S.C. § 3553(a), and expressly considered Sarkiss's personal and health history before imposing a sentence. The district court also sufficiently resolved all factual objections when it

stated that it found "the [presentencing] report to be accurate and correct in all respects that would have an impact on the sentence" and explained that it was thereby "adopt[ing] the report and the calculation of the advisory guidelines." *See United States v. Riley*, 335 F.3d 919, 931 (9th Cir. 2003).

Sarkiss's other procedural objections also lack merit. The district court did not err in considering his prior conviction because a jury does not need to find this fact. *See Alleyne v. United States*, 570 U.S. 99, 111 & n.1 (2013). Nor did it err by double counting Sarkiss's recidivism because his prior conviction affected the sentencing analysis only by raising his criminal history category while leaving his offense level unchanged. Sarkiss's objections to his sentencing enhancements, including for possessing more than 600 images of child pornography, also fail because the district court properly found that a preponderance of the evidence supports these enhancements. *See United States v. Treadwell*, 593 F.3d 990, 1000 (9th Cir. 2010), *overruled on other grounds by United States v. Miller*, 953 F.3d 1095 (9th Cir. 2020).

Sixth, Sarkiss argued that the sentence imposed by the district court was unreasonable. But the sentence was at the low end of the guidelines. And the district court adequately considered the evidence, including Sarkiss's personal and health history, along with the other § 3553(a) factors in determining the sentence. We therefore conclude that the district court did not abuse its discretion by

6

imposing the low-end sentence.  *See United States v. Autery*, 555 F.3d 864, 871 (9th Cir. 2009).

**AFFIRMED.**