NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

NOV 17 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | Nos. 22-30164, 22-30165 |
| Plaintiff-Appellee, | D.C. Nos. 2:21-cr-00062-RSM-1 |
| TERRY LAMELL EZELL, | 2:05-cr-00273-RSM-1 |
| Defendant-Appellant. | MEMORANDUM* |

Appeal from the United States District Court
for the Western District of Washington
Ricardo S. Martinez, District Judge, Presiding

Argued and Submitted October 4, 2023
Seattle, Washington

Before: WARDLAW and M. SMITH, Circuit Judges, and MATSUMOTO,**
District Judge.

Terry Ezell appeals the sentences imposed after pleading guilty to violating

18 U.S.C. § 922(g)(1), felon in possession of a firearm (the "New Firearm

Possession Conviction"), and to violating the terms of his supervised release (the

"Supervised Release Violations"). The supervised release term was the result of

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable Kiyo A. Matsumoto, United States District Judge for
the Eastern District of New York, sitting by designation.

Ezell's 2008 convictions for (1) violation of 21 U.S.C. § 841(a)(1), possession with intent to distribute five grams or more of a substance containing cocaine base (the "2008 Drug Possession Conviction"), and (2) violation of 18 U.S.C. § 922(g)(1), felon in possession of a firearm (the "2008 Firearm Possession Conviction"). We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742. We affirm in part and remand in part.

1.     The government concedes that the imposition of a 51-month term of incarceration for the Supervised Release Violations exceeded the applicable statutory maximum, and thus, was in error. A 51-month term of incarceration is appropriate only if the offense underlying the term of supervised release qualifies as a Class A felony, which requires that the offense carry a maximum sentence of life in prison or the death penalty. *See* 18 U.S.C. § 3559(a)(1) (defining Class A felonies); *see also* 18 U.S.C. § 3583(e)(3) (listing the statutory maximums for supervised release violations as 60 months for a Class A felony, 36 months for a Class B felony, and 24 months for a Class C felony). After Ezell's 2020 resentencing, neither the 2008 Drug Possession Conviction nor the 2008 Firearm Possession Conviction carry a maximum sentence of life imprisonment or death. Therefore, because neither underlying conviction is a Class A felony, Ezell's sentence for the Supervised Release Violations must be vacated.

2.     We do not also vacate and remand the sentence imposed for the New

Firearm Possession Conviction, however, because the district court did not "impose a single, overall sentencing package" for that conviction together with the Supervised Release Violations. *United States v. Hanson*, 936 F.3d 876, 886 (9th Cir. 2019). Unlike *United States v. Hanson*, where the district court "asked the parties to recommend a total sentence" because it "was trying to fashion a fair overall sentence for both the supervised release violation and the criminal conviction," *id.*, here the district court requested that the parties make separate sentencing recommendations for the New Firearm Possession Conviction and the Supervised Release Violations, and the district court considered and imposed these sentences independently. Moreover, because the government was not required to prove the conduct underlying each of Ezell's supervised release violations beyond a reasonable doubt, the sentences for the New Firearm Possession Conviction and the Supervised Release Violations are not "functionally equivalent to separate 'counts' in a multicount conviction," as they were in *Hanson*. *See id.* at 887.

Furthermore, in determining the appropriate sentence for the New Firearm Possession Conviction, the district court properly imposed two sentencing enhancements because Ezell's admitted possession and use of a firearm while on supervised release qualified as "relevant conduct" under the Sentencing Guidelines. *See United States v. Parlor*, 2 F.4th 807, 812 (9th Cir. 2021) ("When a person prohibited from possessing firearms under federal law possesses other

firearms in addition to the ones for which he was charged, these other uncharged firearms can be 'relevant conduct' under the Sentencing Guidelines."). The district court also considered Ezell's extensive criminal history, its familiarity with Ezell as a defendant, and the sentencing factors listed in 18 U.S.C. § 3553(a). Therefore, because the 70-month custodial sentence imposed by the district court correctly accounted for these relevant sentencing considerations, we affirm the sentence for the New Firearm Possession Conviction.

3.    We decline to remand resentencing for the Supervised Release Violations to a different district judge because the government did not plainly breach the plea agreement. *See, e.g.*, *United States v. Johnson*, 187 F.3d 1129, 1136 (9th Cir. 1999) (When the government breaches a plea agreement, "we are required to remand for re-sentencing before a different judge."). Ezell's plea agreement stated that "the government will seek the maximum possible sentence (i.e., 24 months) for any supervised release violations." Although the government erroneously stated, both before and during the sentencing hearing, that the statutory maximum was 60 months, the government abided by the terms of the plea agreement and recommended only 24 months for Ezell's Supervised Release Violations.

Ezell contends that, despite its 24-month recommendation, the government's change in position regarding the proper statutory maximum and its disclosure of

4

that change in position to the district court was a breach of the plea agreement. We have previously found that even when a "prosecutor uttered the requisite words by recommending [the agreed-upon] sentence," the government may implicitly breach a plea agreement if "the prosecutor's statements serve no purpose but to argue for a harsher sentence than that which he was obligated to recommend." *United States v. Whitney*, 673 F.3d 965, 971–72 (9th Cir. 2012).

Here, the government's acknowledgment of the misstated statutory maximum does not rise to the level of prosecutorial conduct that "could only have been intended to persuade the court to impose" a sentence higher than the recommended 24 months. *Id.* at 972.

4.      Because we vacate and remand the sentence for the Supervised Release Violations, we decline to reach Ezell's additional arguments.

**AFFIRMED in part, and VACATED and REMANDED in part.**