NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FEB 12 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff - Appellee, v. ALAN ANDERSON, Defendant - Appellant. | No. 25-258 D.C. No. 3:21-cr-00397-EMC-1 MEMORANDUM* |

Appeal from the United States District Court
for the Northern District of California
Edward M. Chen, District Judge, Presiding

Argued and Submitted January 7, 2026
San Francisco, California

Before: GOULD, NGUYEN, and BENNETT, Circuit Judges.

Alan Anderson appeals his sentence for two counts of wire fraud in violation of 18 U.S.C. § 1343, and his restitution order. Anderson claims that the district court erred in failing to rule on his factual objections at sentencing, that his 88-month sentence was substantively unreasonable, and that the restitution order improperly awarded restitution to individuals who were not "victims" under the

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Mandatory Victims Restitution Act ("MVRA"), 18 U.S.C. § 3663A(a)(2). We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742, and we affirm.

1. At sentencing, a district court must, "for any disputed portion of the presentence report or other controverted matter" either "rule on the dispute or determine that a ruling is unnecessary . . . ." Fed. R. Crim. P. 32(i)(3)(B). Because Anderson did not make a Rule 32 objection at sentencing, we review his claim for plain error. *United States v. Wijegoonaratna*, 922 F.3d 983, 989 (9th Cir. 2019).

The district court explicitly stated that a ruling on Anderson's objections was unnecessary when it noted that the "resulting offense level adjustment" was "the key issue in terms of the loss calculation," and that it was "more important than . . . the precise number." Regardless, however, Anderson's claim fails under plain error review because he cannot establish "a reasonable probability that he would have received a different sentence absent the error." *United States v. Hanson*, 936 F.3d 876, 884 (9th Cir. 2019). A $1.2 million deduction in the loss amount would not have affected the offense level adjustment in this case. *See* U.S.S.G. §2B1.1(b)(1)(J); *see also United States v. Garro*, 517 F.3d 1163, 1169 (9th Cir. 2008) (finding any error in the district courts calculation of the Guidelines loss amount was harmless because the same level enhancement applied under either loss amount). The district court also relied on other factors in its sentencing decision. For example, the court emphasized that Anderson committed "an

egregious offense that was inflicted on multiple victims over an extended course of time and, most disturbingly, those whose trust and friendships were taken advantage of by Mr. Anderson." The court weighed the nature of Anderson's offense, and his prior criminal conviction for a similar offense, and determined that "the guideline range [was] a fair reflection when all is said and done." Because a $1.2 million reduction in the loss amount would not have altered the seriousness or sophistication of Anderson's offense to such a degree that there is a "reasonable probability that he would have received a different sentence," Anderson's claim fails under plain error review. *Hanson*, 936 F.3d at 884.

2. The district court did not abuse its discretion in imposing an 88-month sentence on Anderson. "We review the district court's interpretation of the Sentencing Guidelines *de novo,* the district court's application of the Guidelines to the facts for abuse of discretion, and the district court's factual findings for clear error." *United States v. Armstead*, 552 F.3d 769, 776 (9th Cir. 2008) (quoting *Garro*, 517 F.3d at 1167). If a procedural sentencing error is raised for the first time on appeal, we review for plain error. *United States v. Burgum*, 633 F.3d 810, 812 (9th Cir. 2011). "We review the substantive reasonableness of a sentence for abuse of discretion." *Armstead*, 552 F.3d at 776.

First, the district court did not clearly err in its determination that the fraudulent scheme began in September 2011, or that the entirety of the Silverman,

3                                                                 25-258

Zuiker, and Dilley investments were relevant conduct. The district court recognized that it was difficult to pinpoint exactly when the fraud began and found that September 2011 was the best possible estimate given the material amount of money obtained by fraud at that time. Further, Silverman wired money into accounts later owned by Anderson when Anderson's fraudulent scheme was already underway, the FBI notes state that Silverman met with Anderson a few times over lunch and dinner, and the record indicates that other investors also understood that Imbee and Cosmic Toast were related. Similarly, the FBI verified the Dilley's investment amount through check copies and deposit receipts, and Zuiker invested in the joint venture in 2014 while the fraud was underway.

Regardless, even if the district court did err in its consideration of the extra $2 million in investments, any error was harmless. *See United States v. Crawford*, 185 F.3d 1024, 1029 (9th Cir. 1999). A reduction of $2 million in the loss calculation would not have affected Anderson's sentence given the district court's focus on the "resulting offense level adjustment," which would remain unchanged, and its thorough consideration of the 18 U.S.C. § 3553(a) factors.

Second, the district court did not plainly err in its consideration of Anderson's background at sentencing. The court merely stated that it would take Anderson's offense "as serious[ly] as all other kinds of offenses" to avoid sentencing disparities and made no indication that it increased Anderson's sentence

4

based on his background.

Because the district court properly considered the totality of the circumstances and did not clearly or plainly err in its factual findings, Anderson's within-Guidelines sentence was procedurally and substantively reasonable. *See United States v. Ressam*, 679 F.3d 1069, 1089 (9th Cir. 2012) (en banc) ("A substantively reasonable sentence is one that is 'sufficient, but not greater than necessary' to accomplish § 3553(a)(2)'s sentencing goals." (quoting *United States v. Crowe*, 563 F.3d 969, 977 n.16 (9th Cir. 2009))). Accordingly, cumulative error also does not provide a basis for reversal of Anderson's convictions.

3.     "We review de novo the legality of a restitution order and, if the order is within the statutory bounds, we review the amount of restitution for abuse of discretion." *United States v. Peterson*, 538 F.3d 1064, 1074 (9th Cir. 2008). We review factual findings supporting a restitution order for clear error. *Id.* For the reasons stated above, the district court did not clearly err in finding that Silverman and the investors who invested after September 2011 were harmed by Anderson's fraudulent conduct in the course of the fraudulent scheme. Thus, the district court did not abuse its discretion in awarding restitution to these investors. *See* 18 U.S.C. § 3663A(a)(2) (defining a "victim" under the MVRA to include "any person directly harmed by the defendant's criminal conduct in the course of the scheme, conspiracy, or pattern.").

**AFFIRMED.**