[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 19-11799
_____

D.C. Docket No. 6:18-cr-00134-PGB-DCI-1

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

VINCENT SAVARESE,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(January 20, 2021)

Before MARTIN, LUCK, and BRASHER, Circuit Judges.

MARTIN, Circuit Judge:

Vincent Savarese, a federal prisoner, appeals from the District Court's

revocation of his supervised release and imposition of a five-year mandatory

minimum prison sentence.  Mr. Savarese argues that 18 U.S.C. § 3583(k), the statutory provision mandating Savarese's five-year term of imprisonment, is unconstitutional as applied to him in light of United States v. Haymond, 588 U.S. __, 139 S. Ct. 2369 (2019).  After careful consideration and with the benefit of oral argument, we vacate Mr. Savarese's sentence and remand for the District Court to consider the application of Haymond in the first instance.

## I.

In January 2010 Mr. Savarese was convicted of possession of child pornography in violation of 18 U.S.C. § 2252A(a)(5)(B).  He was sentenced to 78-months imprisonment followed by a ten-year term of supervised release, which began in June 2015.  In May 2018, while under supervision, Mr. Savarese searched and viewed images of child pornography on a public computer, in violation of § 2252A.  In addition to this conduct resulting in Mr. Savarese being charged with a new crime, it also constituted a violation of the terms of his supervised release, which prohibited him from violating any law and from viewing, accessing, or possessing sexually explicit materials.  In September 2018 Mr. Savarese pled guilty to accessing child pornography in violation of § 2252A.

After he pled guilty, but while Mr. Savarese was waiting to be sentenced for this new criminal conviction, his revocation proceedings continued.  Mr. Savarese's supervised release was imposed for a crime charged as a Class C

2

felony.  See 18 U.S.C. §§ 2252(b)(2), 3559(a)(3).  As a result, he would ordinarily "not be required to serve . . . more than 2 years in prison" for violating supervision. 18 U.S.C. § 3583(e)(3).  However, because Mr. Savarese's alleged violation was also new criminal conduct under § 2252A, he was required to face a mandatory minimum of five-years imprisonment under § 3583(k). [1]  Specifically, § 3583(k) provides, in relevant part:

> If a defendant required to register under the Sex Offender Registration and Notification Act commits any criminal offense under chapter 109A, 110, or 117, or section 1201 or 1591, for which imprisonment for a term longer than 1 year can be imposed, the court shall revoke the term of supervised release and require the defendant to serve a term of imprisonment under subsection (e)(3) without regard to the exception [allowing for home confinement as an alternative to incarceration] contained therein.  Such term shall not be less than 5 years.

18 U.S.C. § 3583(k).

In October 2018 Mr. Savarese moved the District Court to find this portion of § 3583(k), which requires a minimum five-year term of imprisonment, unconstitutional "as written and as applied" to him.  He argued that these two sentences violated his Fifth and Sixth Amendment rights, because they "strip the sentencing judge of discretion to impose punishment within the statutorily prescribed range" and "impose heightened punishment on sex offenders expressly

_____

[1] The relevant enumerated offense under § 3583(k) is a "criminal offense under chapter . . . 110." 18 U.S.C. § 3583(k).  Violation of § 2252A is a criminal offense under chapter 110.  See 18 U.S.C. § 2252A.

3

based . . . on new conduct for which they have not been convicted by a jury beyond a reasonable doubt." Mr. Savarese urged the District Court to adopt the Tenth Circuit's approach in United States v. Haymond, 869 F.3d 1153 (10th Cir. 2017), vacated, 588 U.S. __, 139 S. Ct. 2369 (2019), where that court held this portion of § 3583(k) was unconstitutional. He advised his sentencing court that the Supreme Court had granted certiorari in Haymond but had not yet rendered a decision. The District Court denied Mr. Savarese's motion.

The District Court convened a single hearing for Mr. Savarese's final revocation hearing and his sentencing for the underlying criminal conviction. The court asked whether Mr. Savarese "intended to contest the two [supervision] violations," and his counsel responded that he "believe[d] it is Mr. Savarese's intention to admit the violations," noting that Savarese had "already pled guilty to the underlying case." This colloquy followed:

> THE COURT: The record should reflect that there was an entry of a guilty plea in the related criminal case. That guilty plea deals with the same facts, essentially, but I need to satisfy myself that you are making a knowing and intelligent and voluntary decision to plead guilty to the two violations of supervised release. So you have been advised and I advised you at the beginning of this hearing what the two violations are, that is, the access and attempting to access child pornography on May 24th, and also accessing or possessing explicit material on the same date, [May] 24th, essentially the same facts. Is it your intention to admit those violations, sir, or would you like to have this matter contested?
>
> THE DEFENDANT: Your Honor, I feel that I have already expressed myself before that I am – I am going to admit to it. . . .

4

THE COURT: . . . Do you admit or do you contest whether or not you accessed or attempted to access child pornography on May 24th, 2018? . . .

THE DEFENDANT: Yes.  I'm admitting to it, yes.

THE COURT: And the same conduct would give rise to the second violation, which is viewing or attempting to view sexually explicit material on the same date.  Do you admit that you engaged in that conduct as well? . . .

THE DEFENDANT: Yes.  Yes, I am.  I am admitting to doing this.

The court found Mr. Savarese guilty of the violations of his supervised release and sentenced him to the mandatory minimum five-year prison term under § 3583(k).  The court then went on to sentence Mr. Savarese to the ten-year mandatory minimum prison term for the underlying criminal offense.  The court decided that the two sentences should run consecutively, resulting in a total term of 15-years imprisonment.

Mr. Savarese appealed the judgment entered for his supervised release revocation.  After Mr. Savarese filed his notice of appeal from that judgment, but before briefing in this Court, the Supreme Court decided United States v. Haymond, 588 U.S. __, 139 S. Ct. 2369 (2019).  Haymond ruled that § 3583(k) was unconstitutional as applied in that case.  Id. at 2386 (Breyer, J., concurring).[2]

---

[2] Justice Breyer's opinion controls because he "concurred in the judgment[] on the narrowest grounds."  Marks v. United States, 430 U.S. 188, 193, 97 S. Ct. 990, 993 (1977) (quotation marks omitted).

Mr. Savarese's argument here is that, under Haymond, § 3583(k) is unconstitutional as applied to him as well.

## II.

We review a district court's revocation of supervised release for abuse of discretion. United States v. Frazier, 26 F.3d 110, 112 (11th Cir. 1994). However, "[c]hallenges to the constitutionality of a statute are reviewed de novo." United States v. Cunningham, 607 F.3d 1264, 1266 (11th Cir. 2010) (per curiam) (quotation marks omitted).

## III.

In Haymond, a fractured Supreme Court held that § 3583(k) was unconstitutional as applied. 139 S. Ct. at 2385 (plurality opinion), 2386 (Breyer, J., concurring). In that case Mr. Haymond, while on supervised release for a conviction of possessing child pornography, was alleged to have possessed child pornography again. Id. at 2374. As here, the government sought to revoke Mr. Haymond's supervised release and secure an additional prison sentence. Id. A district judge, acting without a jury, found by a preponderance of the evidence that Mr. Haymond knowingly downloaded and possessed child pornography. Id. Therefore, although Mr. Haymond's original crime triggered a maximum of two years imprisonment for violating supervision under § 3583(e)(3), the court imposed § 3583(k)'s five-year mandatory minimum prison term because

6

possession of child pornography is an enumerated offense under that provision.  Id.

at 2374–75.

Justice Breyer's binding concurrence held that "this specific provision of the

supervised-release statute, § 3583(k), is unconstitutional."  Id. at 2386 (Breyer, J.,

concurring).  In his view, § 3583(k) is "difficult to reconcile" with the general

understanding of supervised release as part of the penalty for the original offense.

Id.  Instead, § 3583(k) is "more like punishment for a new offense."  Id.  He

identified three features of the provision that compel this conclusion:

> First, § 3583(k) applies only when a defendant commits a discrete set of federal criminal offenses specified in the statute.  Second, § 3583(k) takes away the judge's discretion to decide whether violation of a condition of supervised release should result in imprisonment and for how long.  Third, § 3583(k) limits the judge's discretion in a particular manner: by imposing a mandatory minimum term of imprisonment of 'not less than 5 years' upon a judge's finding that a defendant has 'commit[ted] any' listed 'criminal offense.'

Id.  He explained that "[t]aken together, these features of § 3583(k) more closely

resemble the punishment of new criminal offenses, but without granting a

defendant the rights, including the jury right, that attend a new criminal

prosecution."  Id.  "And in an ordinary criminal prosecution, a jury must find facts

that trigger a mandatory minimum prison term."  Id. (citing Alleyne v. United

States, 570 U.S. 99, 103, 133 S. Ct. 2151, 2155 (2013)).

Here, the District Court revoked Mr. Savarese's supervised release—and

denied his motion to find the final two sentences of § 3583(k) unconstitutional—

without the benefit of the Supreme Court's decision in Haymond.  We therefore

vacate the sentence imposed for Mr. Savarese's violation of supervised release and

remand this case so the District Court can decide in the first instance how

Haymond applies to Savarese.[3]  See United States v. Hollman, 774 F. App'x 303,

304 (7th Cir. 2019) (per curiam) (unpublished) (remanding "to allow the district

court to hear [the parties'] competing positions and consider the proper application

of Haymond"); Thomas v. Att'y Gen., Fla., 795 F.3d 1286, 1294 (11th Cir. 2015)

(remanding and directing the District Court "to consider the intervening changes"

in Supreme Court caselaw).

**VACATED AND REMANDED.**

---

[3] The dissenting opinion says remand is unnecessary because Haymond does not apply to Mr. Savarese's case.  Dissenting Op. at 1.  Nevertheless, the District Court sentenced Mr. Savarese to a five-year term of imprisonment based on § 3583(k), and the Supreme Court has since held that statute to be unconstitutional – at least as applied to Mr. Haymond.  In our view, it is best for the District Court to conduct a new revocation hearing for Mr. Savarese and consider the parties' arguments regarding § 3583(k), this time with the benefit of the Supreme Court ruling in Haymond.

8

BRASHER, Circuit Judge, concurring:

I concur in the Court's opinion. I write separately to underscore the limited nature of our decision and my limited disagreement with my dissenting colleague.

Before his combination revocation-and-sentencing hearing, Savarese argued in the district court that the mandatory revocation and five-year minimum sentence provided by 18 U.S.C. § 3583(k) are unconstitutional under the Sixth Amendment, both facially and as applied. To support his argument, he relied on the Tenth Circuit's decision in *United States v. Haymond*, 869 F. 3d 1153 (10th Cir. 2017). In evaluating Savarese's motion, the district court held that "[t]he issue before the Tenth Circuit in *Haymond* is the same issue that confronts this court." But, unlike the Tenth Circuit and, later, the Supreme Court, the district court rejected the proposition that there is any constitutional infirmity in Section 3583(k), holding that the statute "does not implicate the right to a jury" at all.

Because of the Supreme Court, we now know that the district court was wrong to hold that Section 3583(k) does not implicate the right to a jury trial. But, because the district court denied Savarese's motion based on this reasoning, the litigation proceeded on that basis. Savarese ultimately pleaded guilty in a related prosecution and made concessions in this one. Importantly, the Government has not argued that Savarese's concessions waived, forfeited, or otherwise failed to preserve his arguments about the constitutionality of Section 3583(k). The upshot is that this case

9

now turns on a question that the district court never addressed: whether or how to revoke Savarese's term of supervised release in light of Section 3583(k)'s – now recognized – constitutional defect.

Under these circumstances, I believe a remand is the most prudent course of action. It is what the Supreme Court and Tenth Circuit did in *Haymond*. And it is consistent with what other courts of appeals have done in light of *Haymond*. Because "we are a court of review, not first view," *Cutter v. Wilkinson*, 544 U.S. 709, 718, n. 7 (2005), we should vacate the results of the district court's denial of Savarese's motion and give the district court the opportunity to apply *Haymond* in the first instance.

My dissenting colleague says that we have declined to remand in similar circumstances in the past. But the authorities he cites are inapposite because, unlike Savarese, the defendants in those cases had not raised the relevant constitutional argument in the district court. *See United States v. Harris*, 741 F.3d 1245, 1248 (11th Cir. 2014) ("Because Harris raised the *Alleyne* argument for the first time on appeal, the proper standard of review is for plain error."); *United States v. Orduno-Mireles*, 405 F.3d 960, 961 (11th Cir. 2005) ("As for Orduno-Mireles's *Blakely/Booker* argument, since he raises it for the first time of appeal, we review the issue only for plain error."); *United States v. Walker*, 228 F.3d 1276, 1278 n.1 (11th Cir. 2000) ("As Walker pled guilty in this case and accepted the contents of the PSI, he lost any

right to appeal on the basis of this argument."). This case would be different if the district court had not denied Savarese's constitutional challenge based on reasoning that the Supreme Court has since rejected.

There are many ways to interpret the fractured decision in *Haymond*. On remand, the district court should not feel itself constrained by our decision to reach any particular outcome.

LUCK, Circuit Judge, dissenting:

The majority opinion vacates Vincent Savarese's five-year mandatory sentence under 18 U.S.C. section 3583(k) for violating his supervised release and remands for the district court to "decide in the first instance" how United States v. Haymond, 139 S. Ct. 2369 (2019) applies to this case.  Maj. Op. at 8.  I respectfully dissent because Haymond does not apply to Savarese's section 3583(k) sentence.  Thus, a remand is unnecessary.

Haymond applies where the district court imposes the section 3583(k) five-year mandatory sentence for violating supervised release based only on the court's factfinding by a preponderance of the evidence that the defendant committed "any criminal offense under chapter 109A, 110, or 117, or section 1201 or 1591, for which imprisonment for a term longer than 1 year can be imposed."  18 U.S.C. § 3583(k).  Here, unlike Haymond, the district court didn't base its section 3583(k) mandatory five-year sentence on a court-made factfinding that Savarese committed a chapter 110 offense.  The district court didn't engage in judicial factfinding because it didn't need to.  Savarese pleaded guilty to committing a new chapter 110 offense and waived his jury trial rights.  Savarese's guilty plea to possessing child pornography takes his case outside of Haymond and squarely inside the Supreme Court's decisions that allow the district court to impose a mandatory sentence based on the defendant's prior convictions.

12

*Haymond*

In Haymond, the defendant was found guilty of possessing child pornography and sentenced to thirty-eight months in prison followed by ten years of supervised release. 139 S. Ct. at 2373 (plurality opinion). After he completed his prison sentence, and while he was on supervised release, the government found fifty-nine images on his computer and cellphone that appeared to be child pornography. Id. at 2374. The probation office filed a petition alleging that the defendant violated the conditions of his supervised release. Id. The Haymond defendant was not separately charged with possessing child pornography. Id.

The district court held an evidentiary hearing on the supervised release petition, without a jury, and "found it more likely than not" that the defendant "knowingly downloaded and possessed" thirteen images of child pornography. Id. In the normal case, if the district court finds "that a defendant has violated the conditions of his supervised release," it could "impose a new prison term up to the maximum period of supervised release authorized by statute," which would have been up to "two additional years in prison." Id. (discussing 18 U.S.C. § 3583(e)(3)). But, if the defendant is on supervised release for possessing child pornography, and the district court finds that he possessed child pornography again, the court "must impose an additional prison term of at least five years and up to life." Id. (discussing 18 U.S.C. § 3583(k)). Because the Haymond defendant was on supervised release

13

for possessing child pornography, and the district court found by a preponderance of the evidence that he possessed child pornography while on supervised release, the district court imposed the section 3583(k) five-year mandatory sentence. Id. at 2374–75.

On appeal, the Tenth Circuit concluded that section 3583(k) violated the defendant's right to a trial by jury because he faced a new mandatory minimum sentence "resting only on facts found by a judge by a preponderance of the evidence." Id. at 2375. The Tenth Circuit held that the parts of section 3583(k) mandating a five-year prison term were unconstitutional and unenforceable. Id. It vacated the defendant's sentence and remanded for the district court to resentence him "without regard" to section 3583(k). Id.

A plurality of the Supreme Court agreed that, "[a]s applied here," section 3583(k) violated the Fifth and Sixth Amendments. Id. at 2373 (emphasis added). The plurality "concluded that the application of [section] 3583(k)'s mandatory minimum in this case violated [the defendant]'s right to trial by jury." Id. at 2384–85 (emphasis added). Section "3583(k) can," the plurality said, "at least as applied in cases like ours, expose a defendant to an additional mandatory minimum prison term well beyond that authorized by the jury's verdict—all based on facts found by

a judge by a mere preponderance of the evidence." Id. at 2382 (first emphasis added).[1]

"[U]nder our Constitution," the Haymond plurality explained, "when 'a finding of fact alters the legally prescribed punishment so as to aggravate it' that finding must be made by a jury of the defendant's peers beyond a reasonable doubt." Id. at 2378 (quoting Alleyne v. United States, 570 U.S. 99, 114 (2013)). "So just like the facts the judge found at the defendant's sentencing hearing in Alleyne, the facts the judge found here increased 'the legally prescribed range of allowable sentences' in violation of the Fifth and Sixth Amendments." Id. (quoting Alleyne, 570 U.S. at 115).

The plurality opinion was careful to emphasize how narrow its decision was. "As we have emphasized, our decision is limited to [section] 3583(k) . . . and the Alleyne problem raised by its [five]-year mandatory minimum term of imprisonment." Id. at 2383. And: "The Court has recognized two narrow

---

[1] The circuit courts have read Haymond, as the majority opinion does, see Maj. Op. at 6 ("Haymond ruled that [section] 3583(k) was unconstitutional as applied in that case"), as an as-applied challenge to section 3583(k). The Fourth Circuit has explained that Haymond "involved an as-applied constitutional challenge to 18 U.S.C. [section] 3583(k)." United States v. Ka, 982 F.3d 219, 222 (4th Cir. 2020); United States v. Coston, 964 F.3d 289, 291 (4th Cir. 2020) ("After Coston's sentencing, the Supreme Court held that a different mandatory revocation provision, 18 U.S.C. [section] 3583(k), was unconstitutional in an as-applied challenge."). The Tenth Circuit, on remand from the Supreme Court, described the Supreme Court's "ultimate[] determin[ation] that, as applied to [the Haymond defendant], [section] 3583(k) violated the Fifth and Sixth Amendments." United States v. Haymond, 935 F.3d 1059, 1063 (10th Cir. 2019) (citing Haymond, 139 S. Ct. at 2373 (plurality opinion)).

15

exceptions to Apprendi's general rule, neither of which is implicated here: [p]rosecutors need not prove to a jury the fact of a defendant's prior conviction, or facts that affect whether a defendant with multiple sentences serves them concurrently or consecutively." Id. at 2377 n.3 (citations omitted).

Justice Breyer concurred in vacating the Tenth Circuit's judgment and remanding for further proceedings, but on narrower grounds. Id. at 2386 (Breyer, J., concurring in the judgment); see also id. (Alito, J., dissenting) ("I do not think that there is a constitutional basis for today's holding, which is set out in Justice Breyer's opinion, but it is narrow . . . ."). Justice Breyer said he "would not transplant the Apprendi line of cases to the supervised-release context." Id. at 2385 (citing Alleyne, 570 U.S. at 122 (Breyer, J., concurring in the judgment)). But "three aspects" of section 3583(k) led him "to think it is less like ordinary revocation and more like punishment for a new offense, to which the jury right would typically attach." Id. at 2386.

> First, [section] 3583(k) applies only when a defendant commits a discrete set of federal criminal offenses specified in the statute. Second, [section] 3583(k) takes away the judge's discretion to decide whether violation of a condition of supervised release should result in imprisonment and for how long. Third, [section] 3583(k) limits the judge's discretion in a particular manner: by imposing a mandatory minimum term of imprisonment of "not less than [five] years" upon a judge's finding that a defendant has "committed any" listed "criminal offense."

16

Id. (alterations adopted). "Taken together, these features of [section] 3583(k) more closely resemble the punishment of new criminal offenses, but without granting a defendant the rights, including the jury right, that attend a new criminal prosecution." Id. (emphasis added). "[A] jury must find facts that trigger a mandatory minimum prison term." Id. (citing Alleyne, 570 U.S. at 103).

*Savarese's Case*

Like the Haymond defendant, Savarese was convicted of possessing child pornography, sentenced to prison followed by supervised release, and then while on supervised release he possessed more child pornography. Like the Haymond defendant, Savarese moved the district court to find that the section 3583(k) five-year mandatory sentence violated the Fifth and Sixth Amendments. And like in Haymond, the district court denied the motion to find the section 3583(k) five-year mandatory sentence unconstitutional.[2] But the parallels end there.

Unlike the Haymond defendant, Savarese was indicted for this second possession of child pornography offense around the same time the probation office

---

[2] Because this is an appeal from the district court's order denying Savarese's motion to find the section 3583(k) five-year mandatory sentence unconstitutional, it seems odd for the concurring opinion to recycle the "we-are-a-court-of-review-not-first-view" line. The district court, as the concurring opinion acknowledges, ruled that Savarese's jury trial rights were not violated by applying section 3583(k) to his case. Savarese has appealed the district court's decision. Unlike in Cutter v. Wilkinson, 544 U.S. 709, 718 n.7 (2005), where the issues argued by the respondent "were not addressed" by the lower court, we're not viewing the section 3583(k) issues for the first time—the district court decided that section 3583(k) was not unconstitutional as applied to Savarese's case and we're reviewing that decision. Nothing more.

17

filed the petition alleging that he violated his supervised release in his first case.  On September 19, 2018, before anything happened with his supervised release violation, Savarese pleaded guilty to the new child pornography charge.  Months later, on March 28, 2019, Savarese told the district court that he intended to admit he violated his supervised release by possessing child pornography because he already pleaded guilty to the underlying case.  The district court found that Savarese violated his supervised release and imposed the five-year mandatory sentence under section 3583(k).

### *Haymond Does Not Apply to Savarese's Case*

Haymond does not apply to Savarese's case because: (1) his section 3583(k) five-year mandatory sentence does not fit the third of the three "features" identified in Justice Breyer's concurring opinion; (2) even if Savarese's five-year mandatory sentence did fit all three features in Justice Breyer's concurring opinion, and Savarese had the right to a jury trial on the critical fact whether he possessed child pornography again, he waived that right by pleading guilty; and (3) because Savarese pleaded guilty to possessing child pornography, the new conviction could be used without a jury finding to impose the section 3583(k) five-year mandatory sentence.

First, Savarese's case is missing one of the three aspects that, "considered in combination" and "[t]aken together," made the section 3583(k) five-year mandatory sentence in Haymond unconstitutional.  139 S. Ct. at 2386 (Breyer, J., concurring in

18

the judgment).  Justice Breyer said that the section 3583(k) mandatory sentence was unconstitutional because "the judge's discretion" was limited "by imposing a mandatory minimum term of imprisonment of 'not less than 5 years' upon a judge's finding that a defendant has 'commit[ted] any' listed 'criminal offense.'"  Id. (alteration in original).

But, in Savarese's case, the district court did not impose the section 3583(k) mandatory sentence based on a non-jury factfinding by a preponderance of the evidence that Savarese possessed child pornography.  Here, the district court imposed the section 3583(k) mandatory sentence based on Savarese's guilty plea that he possessed child pornography.  Because one of Justice Breyer's "three aspects" was missing from Savarese's section 3583(k) sentence, unlike the Haymond defendant's, his sentence was not unconstitutional and does not need to be remanded to address the question of remedy.  Id.

The Ninth Circuit dealt with a similar situation in United States v. Hanson, 936 F.3d 876 (9th Cir. 2019).  There, as here, the defendant was on supervised release for possessing child pornography and he was found with more child pornography on his laptop and hard drive.  Id. at 879.  The defendant was indicted for receiving and possessing child pornography, and his probation officer filed a petition recommending revocation of his supervised release.  Id.  First, a jury found the defendant guilty of receiving child pornography.  Id.  Later, the district court

19

concluded that, based on the jury's verdict, he violated his supervised release.  Id. at 880.  The district court sentenced the defendant to the section 3583(k) five-year mandatory sentence.  Id. at 879–80.  On appeal, the Ninth Circuit explained that it didn't need to "consider the impact of" Haymond "[b]ecause a jury found that [the defendant] had committed the offense beyond a reasonable doubt."  Id. at 887 n.10.

Here, as in Hanson, we don't need to consider the impact of Haymond because Savarese's five-year mandatory sentence was not imposed based on the district court's finding by a preponderance of the evidence that he possessed child pornography.  Instead, the district court imposed the section 3583(k) five-year mandatory sentence based on Savarese's guilty plea that he possessed child pornography.  Haymond can't apply because one of Justice Breyer's "three aspects" that made the Haymond sentence unconstitutional is missing here.  See United States v. Badgett, 957 F.3d 536, 540 n.15 (5th Cir. 2020) (observing that Justice Breyer listed the "three features" of section 3583(k) that were constitutionally problematic in the conjunctive).[3]

---

[3] The concurring opinion says that vacating and remanding in light of Haymond "is consistent with what other courts of appeals have done."  But this is only true where, as they were in Haymond, all "three aspects" in Justice Breyer's concurring opinion were met.  Where, as it is here, at least one of Justice Breyer's "three aspects" is missing, the courts of appeals haven't consistently vacated and remanded in light of Haymond.  See, e.g., Hanson, 936 F.3d at 887 n.10 (explaining that the court didn't need to "consider the impact of" Haymond "[b]ecause a jury found that [the defendant] had committed the offense beyond a reasonable doubt"); United States v. Daughenbaugh, 793 F. App'x 237, 241 (5th Cir. 2019) (explaining that it's "doubtful that Haymond would be of any help" to the defendant because "unlike the defendant in that case, Daughenbaugh was charged separately for the underlying criminal conduct and was therefore

Second, even if Savarese's sentence met all of Justice Breyer's "three aspects" for punishment for a new offense "to which the jury right would typically attach," Savarese waived his jury trial rights. Justice Breyer explained that, considered in combination, his "three aspects" of section 3583(k) led him to conclude that the five-year mandatory sentence was "more like punishment for a new offense, to which the jury right would typically attach." Haymond, 139 S. Ct. at 2386 (Breyer, J., concurring in the judgment). "Taken together," his three features of section 3583(k) "more closely resemble[d] the punishment of new criminal offenses, but without granting a defendant the rights, including the jury right, that attend a new criminal prosecution." Id. Therefore, had all three aspects been met, Savarese's right to a jury would attach.

But, unlike the Haymond defendant, Savarese waived his jury trial rights on the critical fact whether he possessed child pornography. Not only did the government file the petition seeking to revoke his supervised release, but Savarese was also indicted for possessing child pornography. Prior to trial on the new child pornography charge or a hearing on the supervised release violation, Savarese pleaded guilty to this new substantive offense. By pleading guilty, Savarese waived his jury trial rights on the elements of his child pornography charge, including that

---

afforded the opportunity to have a jury determine beyond a reasonable doubt whether he committed the latest offense"—"[h]e instead chose to plead guilty").

21

he possessed child pornography.  See Florida v. Nixon, 543 U.S. 175, 187 (2004) ("By entering a guilty plea, a defendant waives constitutional rights that inhere in a criminal trial, including the right to trial by jury, the protection against self-incrimination, and the right to confront one's accusers."); Brady v. United States, 397 U.S. 742, 748 (1970) (A "plea is more than an admission of past conduct; it is the defendant's consent that judgment of conviction may be entered without a trial— a waiver of his right to trial before a jury or a judge."); Stano v. Dugger, 921 F.2d 1125, 1140 (11th Cir. 1991) ("By pleading guilty, a defendant waives several constitutional rights, including the Fifth Amendment privilege against compulsory self-incrimination and the Sixth Amendment rights to a jury trial and to confrontation of one's accusers.").  Unlike in Haymond, the district court didn't violate Savarese's jury trial rights because he waived them.

Third, even if Justice Breyer's "three aspects" applied to Savarese's case, and the section 3583(k) five-year mandatory sentence was like punishment for a new offense, the district court did not violate Savarese's jury trial rights because it imposed the mandatory sentence based on his prior conviction for possessing child pornography.  Savarese not only waived his jury rights, but he also pleaded guilty to possessing child pornography and was convicted before he had his supervised release hearing and sentence.  Once he pleaded guilty, the district court could use

22

that conviction to impose the section 3583(k) mandatory sentence without a jury finding on whether he violated the child pornography statutes.

That's because "the fact of a prior conviction is not an 'element' that must be found by a jury." United States v. Harris, 741 F.3d 1245, 1249 (11th Cir. 2014). Under Almendarez-Torres v. United States, 523 U.S. 224 (1998), "prior convictions are excepted from the general rule that a jury must find any fact that will increase the penalty for an offense." Harris, 741 F.3d at 1249.

> Although it is ordinarily true that all elements of a crime must be alleged by indictment and either proved beyond a reasonable doubt or admitted by a defendant, there is an exception for prior convictions. Almendarez-Torres v. United States, 523 U.S. 224, 247 . . . (1998). The Constitution does not require that "[t]he government . . . allege in its indictment and . . . prove beyond a reasonable doubt that [a defendant] had prior convictions for a district court to use those convictions for purposes of enhancing a sentence."

United States v. Smith, 775 F.3d 1262, 1266 (11th Cir. 2014) (citation omitted; alterations and omissions in original).

Here, the district court imposed the section 3583(k) five-year mandatory sentence because Savarese was convicted of possessing child pornography while he was on supervised release. As Justice Breyer explained, citing Alleyne, "in an ordinary criminal prosecution, a jury must find facts that trigger a mandatory minimum prison term." Haymond, 139 S. Ct. at 2386 (Breyer, J., concurring in the judgment) (citing Alleyne, 570 U.S. at 103). But in Alleyne, the Supreme Court recognized that Almendarez-Torres created "a narrow exception to this general rule

23

for the fact of a prior conviction." Alleyne, 570 U.S. at 111 n.1.  And the Haymond plurality reiterated that "[p]rosecutors need not prove to a jury the fact of a defendant's prior conviction."  139 S. Ct. at 2377 n.3 (plurality opinion) (citing Almendarez-Torres, 523 U.S. 224).

The district court did not err in imposing the section 3583(k) five-year mandatory sentence, without a jury trial, based on Savarese's guilty plea and prior conviction for possessing child pornography while he was on supervised release. Savarese was not entitled to a jury trial on the question of his prior conviction.

*A Remand Is Unnecessary*

Because Haymond doesn't apply to Savarese's case, a remand for the district court to consider "how Haymond applies to Savarese," Maj. Op. at 8, is unnecessary. We know how Haymond applies—it doesn't.  Savarese's sentence lacks one of the key "aspects" identified by Justice Breyer that made the Haymond defendant's sentence unconstitutional.  To the extent Savarese's sentence does fit within the "three aspects" that Justice Breyer relied on, and jury trial rights attach, Savarese has waived his right for a jury to find the critical fact under section 3583(k):  that he possessed child pornography.  And Savarese was not entitled to a jury finding on the critical fact whether he possessed child pornography because the district court could use his prior conviction for possessing child pornography to enhance his sentence without a jury finding.

24

Under similar circumstances—where a defendant pleaded guilty and his sentence was enhanced based on a prior conviction followed by a new Supreme Court case that applied the jury trial right to facts that increased the defendant's maximum sentence, increased his guideline range, or required a mandatory minimum sentence—we have not vacated a defendant's sentence and remanded for the district court to consider the new case. After Apprendi v. New Jersey, 530 U.S. 466 (2000), where the Supreme Court held that any fact (other than a prior conviction) that increased the penalty for a crime beyond the statutory maximum must be found by the jury, we did not vacate and remand a defendant's sentence to consider the new case in the first instance where the defendant had "pl[eaded] guilty . . . and accepted the contents of the [presentence investigation report]." See United States v. Walker, 228 F.3d 1276, 1278 n.1 (11th Cir. 2000). After United States v. Booker, 543 U.S. 220 (2005), where the Supreme Court held that the mandatory application of the sentencing guidelines violated the Sixth Amendment's jury trial right, we did not vacate and remand a defendant's sentence to consider the opinion in the first instance where the "defendant's sentence was enhanced based on a prior conviction" because "[t]he Court's holding in Booker . . . [was] not implicated." See United States v. Orduno-Mireles, 405 F.3d 960, 962 (11th Cir. 2005). And after Alleyne, where the Supreme Court held that any fact which increased the mandatory minimum sentence for an offense must be found by the jury, we did not vacate and

remand a defendant's mandatory minimum sentence to consider the new case in the first instance where the mandatory minimum was imposed based on the defendant's prior convictions because "the fact of a prior conviction [was] not an 'element' that must be found by a jury." See Harris, 741 F.3d at 1249–50.

The concurring opinion says that Walker, Orduno-Mireles, and Harris "are inapposite because, unlike Savarese, the defendants in those cases had not raised the relevant constitutional argument in the district court." But the concurring opinion fails to appreciate that the results in Walker, Orduno-Mireles, and Harris didn't turn on whether the constitutional argument was preserved or unpreserved, or whether we reviewed it for plain or harmless error. Preservation was not relevant to our decision in those cases. We affirmed not because the constitutional argument was waived or abandoned or had some impossible standard of review to overcome, but because the jury trial right didn't apply where the sentence was enhanced based on a prior conviction. There was no need to vacate and remand in those cases (not because the constitutional issue was raised for the first time on appeal but) because Apprendi, Booker, and Alleyne don't apply to mandatory sentences based on prior convictions.

Savarese's case is no different. Haymond, like Apprendi, Booker, and Alleyne, does not apply because Savarese waived his jury trial rights and the section 3853(k) five-year mandatory sentence was imposed because he pleaded guilty to the

26

new child pornography possession charge.  Vacating Savarese's sentence and remanding for the district court to consider <u>Haymond</u> would be like vacating and remanding for the district court to consider that there will be a full moon tonight and it's forty-seven degrees outside.  All of it is interesting, and relevant to some cases, but none of it has any impact on Savarese's sentence.

On remand, the district court will reinstate the same section 3853(k) five-year mandatory sentence because:  Savarese's sentence doesn't fit within all "three aspects" of Justice Breyer's concurring opinion;  even if it did, and he was entitled to a jury trial on the critical fact whether he possessed child pornography while on supervised release, Savarese waived his jury trial rights when he pleaded guilty to the new charge;  and Savarese was not entitled to a jury trial on a mandatory sentence based on a prior conviction.  Because Savarese's sentence will be the same, a remand is unnecessary.  We should do as we did in the post-<u>Apprendi</u>, <u>Booker</u>, and <u>Alleyne</u> cases where the defendant's sentence was enhanced based on a guilty plea or prior conviction and affirm.